UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT EWERS,

    Plaintiff,

v.                                    Case No. 12-14125

COLLECTCO, INC.,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS**

After he switched phone companies, Plaintiff Scott Ewers allegedly received several calls from his old phone company, seeking $117.43. In May, 2012, the old phone company allegedly told Plaintiff he could disregard the calls, as, in fact, no debt existed. But in August, 2012, Defendant Collecto, Inc., (named in the complaint, apparently in error, as "Collectco, Inc.") sent Plaintiff a collection letter for the $117.43. Plaintiff sued Defendant under the Fair Debt Collect Practices Act ("FDCPA"), the Michigan Occupational Code ("MOC"), and the Michigan Collection Practices Act ("MCPA"); Defendant moves to dismiss; and Plaintiff responds.

Unless the plaintiff pleads in the complaint facts that prove an affirmative defense, a defendant may not assert an affirmative defense in a motion to dismiss. *Pfeil v. State Street Bank & Trust Co.*, 671 F.3d 585, 599 (6th Cir. 2012).

Under the FDCPA, a collection letter may not mis-state the amount of a debt. 15 U.S.C. § 1692e(2)(A). Defendant contends that a debt collector may lawfully mis-state

the amount of a debt by mistake. Although it never says so, Defendant raises the FDCPA's "bona fide error" defense:

> A debt collector may not be held liable . . . if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). At present, Defendant may not submit the evidence needed to establish this affirmative defense. See Lewis v. ACB Business Servs., Inc., 135 F.3d 389, 401-02 (6th Cir. 1998); Owen v. I.C. System, Inc., 629 F.3d 1263, 1276-77 (11th Cir. 2011); Johnson v. Riddle, 305 F.3d 1107, 1121 (10th Cir. 2002).

In response to Defendant's argument that it is not governed by the MCPA, Plaintiff abandons the MCPA claim. Neither party addresses the MOC claim, which therefore proceeds *pari passu* with the FDCPA claim. Accordingly,

IT IS ORDERED that the motion to dismiss [Dkt. # 10] is GRANTED IN PART, in that count III, the MCPA claim, is DISMISSED WITH PREJUDICE, and DENIED IN PART, in that counts I and II, the FDCPA and MOC claims, proceed.

IT IS FURTHER ORDERED that Plaintiff is directed to ensure that he has named Defendant correctly.

Finally, IT IS ORDERED that the oral argument hearing of **February 6, 2013, at 2:00 p.m.** is CONVERTED to a scheduling conference, with both counsel required to personally appear consistent with a Notice to be separately issued. Among other things, counsel for Defendant should be prepared to describe what was done in an

2

unsuccessful attempt to persuade Plaintiff to concur in the Motion to Dismiss as to the MCPA claim.[1]

                                             s/Robert H. Cleland
                                             ROBERT H. CLELAND
                                             UNITED STATES DISTRICT JUDGE

Dated:  January 17, 2013


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 17, 2013, by electronic and/or ordinary mail.

                                             s/Lisa Wagner
                                             Case Manager and Deputy Clerk
                                             (313) 234-5522

---

[1] Where the basis of a motion has been adequately explained, but an opposing position is later abandoned only after the moving party has expended the resources to prepare and present briefing on the subject, it generally appears that concurrence was unreasonably withheld, and that the court should consider imposing costs.  E.D. Mich LR 7.1.

S:\Cleland\JUDGE'S DESK\C2 ORDERS\12-14125.EWERS.MotDismiss.ckb.wpd