**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SCOTT EWERS,

    Plaintiff,

v.                                                 Case No. 12-14125

COLLECTO, INC.,

    Defendant.
                                                    /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING PLAINTIFF'S REMAINING STATE-LAW CLAIM WITHOUT PREJUDICE**

After he switched telephone companies, Plaintiff Scott Ewers's account with MCI Communications Services (doing business as "Verizon"), was placed with Collecto, Inc. ("Collecto"), a collection agency. Ewers brings claims under the Fair Debt Collection Practices Act ("FDCPA") and the Michigan Occupational Code ("MOC"), alleging that Collecto misrepresented the amount of Ewers's debt. The parties each moved for summary judgment. For the following reasons, the court will deny Ewers's motion for summary judgment, will grant Collecto summary judgment in part, deny it in part, and will dismiss Ewers's remaining state law claim, declining to exercise jurisdiction.

## I.  BACKGROUND[1]

Collecto is a collection agency which has continuously collected debts owed to Verizon since 1996.  (Pg. ID# 182–83.)  On August 6, 2012, Verizon forwarded Ewers's allegedly unpaid phone bill to Collecto for collection.  (Pg. ID# 182.)

Upon moving into his parent's house, Ewers inherited a landline telephone with the number (248) 624-6363 (hereinafter, "6363 number").  On May 7, 2012, Ewers received the following telephone message from Verizon:

> Hello, this is an important message regarding your [Verizon] bill.  A system issue prevented your April bill from being sent to you on your regular statement date.  The issue has been corrected and your April bill should be delivered within 7 to 10 days.  You will receive your May bill separately on its usual statement date.  We apologize for any inconvenience this may have caused.  Thank you for being a valued [Verizon] customer.  If you have any questions please call [Verizon] customer service at 1-800-444-2222.

(Pg. ID# 266.)  Nine days later, Ewers received another message from Verizon:

> This is an important message regarding your [Verizon] bill.  Please disregard the small balance invoice and recorded message regarding your prior account, they were sent in error.  Your account is cancelled and no additional charges are due.  We apologize for any inconvenience this may have caused. Thank you.  If you have additional questions, please call [Verizon] customer service at 1-800-444-2222.

(*Id.*) Neither phone message contained any identifying information specifically related to Ewers, such as an account number for the account that the message pertained to.

On August 9, 2012, Collecto sent a "Notice of Collection Placement" to Ewers.

---

[1]At the outset, the court notes that Ewers has not followed the court's scheduling order regarding the proper presentation of a statement of material facts.  Ewers does not lay out his statement of material fact in numbered paragraphs, nor does he begin his response to Collecto's motion for summary judgment with a counter-statement of material facts.  As cautioned in the court's scheduling order, "Any proffered fact in the movant's Statement of Material Facts that is not specifically contested will, for the purpose of the motion, be deemed admitted."  (Pg. ID# 82.)

The Notice identified a debt owed to Verizon for Account # 3GH44069 in the amount of $117.43.  (Pg. ID# 116.)  The Notice stated:

> [Verizon] has placed your account with us for collection.  This is a demand for payment of your debt. We urge you to remit payment to our office, unless you dispute this debt.  If you dispute this debt, please see the reverse side of this notice for important rights.
> . . .
>
> Unless you dispute the validity of this debt, or any portion thereof, within thirty days after receipt of this notice, we shall assume the debt to be valid.  If you notify us in writing of your dispute within this thirty-day period, we will obtain verification of the debt, or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you.  Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

(Pg. ID# 116–17.)

Ewers states that he received the telephone calls from Verizon and the letter from Collecto after he closed his Verizon account and switched his phone service to AT&T.  He argues that he inherited his Verizon account from his parents (the previous residents), and that he has had only that one account with Verizon.  Thus, Ewers argues that the letter from Collecto came after Verizon instructed him that no additional charges were due on his account.

Collecto explains that Ewers had two separate accounts, only one of which was sent for collection.  An affidavit from Neil T. Schmidt, a Verizon Representative, states that the phone messages left with Ewers pertained to a separate Verizon account, "MCI Mega Preferred Account No.: 08692875065."  (Pg. ID# 222.)  This was a small business account carrying a balance of $.11 that was closed on April 5, 2011.  (Pg. ID# 223.) Schmidt states that because the balance was so small, invoices were not printed or mailed for this account from April 2011 to April 2012.  However, in April 2012, Verizon

3

experienced an "internal printing issue" that caused the invoice to be reprinted and sent, despite the fact that the system had coded the account as "not print." (*Id.*) Verizon explains that the voicemail left with Ewers was an instruction regarding this small business account, and that it accurately advised Ewers that the account was closed and no payment was due. (Pg. ID# 224.) The message was delivered to Ewers's 6363 number because this number was listed as the contact phone number for the account, despite the fact that the 6363 number was billed to a separate Verizon residential account. (Pg ID# 224–25.)

Collecto argues that it received Verizon Account # 3GH44069, which reflected a balance of $117.43, for collection and that this account was unrelated to small business account # 08692875065, for which the above phone messages were delivered. At his deposition, a Collecto representative testified that Collecto's records reflect that the August 9 letter was the only communication sent to Ewers by Collecto, and that Ewers did not contact Collecto to dispute the debt until his attorney sent a letter to Collecto. (Pg. ID# 320.) Once Collecto received Ewers's attorney's letter, it placed a hold on his account and no further collection notices were sent. (*Id.*)

## II. STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).

The movant has the initial burden of showing the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citation omitted). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita v. Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Summary judgment, therefore, is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

## III. DISCUSSION

### A. Ewers's FDCPA Claim

The FDCPA, in relevant part, provides:

A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . .

The false representation of . . . the character, amount, or legal status of any debt[.]

15 U.S.C. § 1692e(2)(A). "Whether language used by a debt collector is deceptive or misleading is determined from the perspective of the least-sophisticated consumer." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 172 (6th Cir. 2011). This test "asks whether there is a reasonable likelihood that an unsophisticated consumer who is willing to consider carefully the contents of a communication might yet be misled by them." *Id.* The FDCPA requires a debt collector to send a written notice to the consumer

specifying the amount of the debt, the name of the creditor to whom the debt is owed, and a statement outlining the consumer's rights to dispute the debt within thirty days. *Id.* at § 1692g(a)(1)–(5).

There is a genuine issue of material fact regarding whether Collecto's debt-collection notice pertained to the same account as the telephone message from Verizon instructing Ewers that "no additional charges are due" (Pg. ID# 266.) In an affidavit, Ewers claims that he has only ever had one Verizon account in the past ten years, thereby suggesting that Verizon's phone message and Collecto's subsequent letter reasonably misled him. (Pg. ID# 264.) Collecto responds with an affidavit of its own from Verizon, stating that the telephone message pertained to Ewers's small business account, and that Collecto's collection notice pertained to a residential account. (Pg. ID# 221–231.) If Ewers's version is believed, Verizon instructed him to disregard any invoices sent to him, yet sent his account to a collection agency three months later. If Collecto's story is believed, it sent a collection notice to an account with a valid overdue balance, and Ewers has not proven that he did not owe the debt. The court finds that a genuine issue of material fact exists as to whether Ewers's "owed" the alleged debt.

However, Collecto also argues that it is entitled to judgment because even if Ewers did not owe a valid debt to Verizon, its attempt at collecting the debt was the result of a *bona fide* error. Although § 1692e(2)(A) is a strict liability statute, "[a] debt collector may not be held liable [under the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Thus, Collecto must advance sufficient

evidence to prove that (1) its violation was unintentional, (2) it resulted from a *bona fide* error, and (3) that it maintained procedures reasonably adapted to avoid such error. "[T]he broad statutory requirement of procedures reasonably designed to avoid 'any' *bona fide* error indicates that the relevant procedures are ones that help to avoid errors like clerical or factual mistakes." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 587 (2010).

The FDCPA does not require a collection agency to independently investigate whether a debt is valid prior to collection. *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992). *See also Sayyed v. Wolpoff & Abramson, LLP*, 733. F. Supp. 2d 635, 647 (D. Md. 2010) ("[A] misrepresentation made by the debt collector solely as a result of inaccurate information provided by its client would be *bona fide* error as defined under 15 U.S.C. § 1692k(c)."). Requiring a collection agency to verify whether a debt is valid prior to sending out a verification notice pursuant to § 1692g(a) would require such a verification notice unnecessary and superfluous. *See Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004) ("[W]e have not found[] any appellate opinion imputing creditors' knowledge to debt collectors."). Thus, assuming for the sake of argument that Ewers's underlying debt was not valid, the question is whether Collecto has advanced sufficient evidence to support its argument that its collection notice was sent as the result of *bona fide* error, despite its maintenance of procedures reasonably adapted to avoid such error.

Collecto advances the following evidence in support of its *bona fide* error defense. It states that all accounts placed with Collecto are believed to be due and owed, and that Collecto does not knowingly accept accounts that have been paid in full.

(Pg. ID# 188.) It requires its clients to represent that accounts they refer to Collecto are valid accounts, that the corresponding balance is accurate, and that the account has been validly placed for collection. (Pg. ID# 189.) If Collecto receives information that an account should not have been placed with it for collection, it immediately closes the account and ceases all collection activity. (*Id.*) Collecto updates its system daily to check whether an account has been withdrawn by the creditor. (Pg. ID# 187.) As required by the FDCPA, Collecto sends a verification letter to all of its new accounts, providing instructions regarding consumers' rights and their ability to dispute a debt.[2] (Pg. ID# 184–85.) These letters are sent automatically and the process involves no human intervention. (*Id.*) Collecto represents that it followed the above procedures with regard to Ewers's debt, and that from the face of Ewers's account, nothing suggested that his debt was not in fact owed to Verizon. (Pg. ID# 189.)

As noted above, Ewers does not offer a counter-statement of material facts and does not advance any evidence suggesting that Collecto did not follow its procedures in his case, or that Collecto's procedures are otherwise deficient and not reasonably calculated to avoid collection proceedings on invalid debt. Ewers's only argument to the contrary is that Collecto's representative admitted that Verizon accounts "are withdrawn from placement with us on a daily basis." (Pg. ID# 187.) However, read in context, the statement explains Collecto's procedure that allows clients to automatically rescind

---

[2]Collecto argues that it only sent one collection notice to Ewers before it suspended its collection efforts for Ewers's account. This fact is irrelevant as the suspension of collection efforts once a consumer contests a debt is a statutory duty imposed by the FDCPA, 15 U.S.C. § 1692g(b), and cannot serve as evidence of procedures reasonably adapted to avoid errors. *See Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1275 (11th Cir. 2011).

collection of accounts:

> Q. Are you aware of any occasion where Verizon has communicated to [Collecto] that they should cease collection on a particular account assigned at [Collecto] for collection?
>
> A. Yes.
>
> . . .
>
> Q. Do you recall the circumstances of that occasion?
>
> A. There are accounts that are withdrawn from placement with us on a daily basis. This is the normal case of doing business. We have thousands and thousands of accounts, and when Verizon has information to tell them that the account shouldn't be with the agency, it's an electronic update that's done on a daily basis.

(*Id.*) Far from providing evidence that Collecto does not have procedures in place to avoid the collection of invalid debt, this testimony describes Collecto's daily update of its accounts, including the ability of clients to rescind accounts that are no longer properly placed for collection. Assuming, *arguendo*, that Ewers's debt was in fact not owed to Verizon, Collecto has established that any FDCPA violation was unintentional and resulted from a *bona fide* error notwithstanding Collecto's maintenance of procedures to avoid such error. Thus, the court finds that Collecto is entitled to summary judgment on Ewers's FDCPA claim.

### B. Ewers's MOC Claim

Ewers also brings a claim under the MOC which states "[a] licensee shall not commit 1 or more of the following acts: . . . [m]aking an inaccurate, misleading, untrue, or deceptive statement or claim in communication to collect a debt[.]" Mich. Comp. Laws § 339.915(e). However, because the court grants summary judgment to Collecto on the basis of its *bona fide* error defense, it declines to exercise supplemental

jurisdiction over Ewers's MOC claim, a state-law claim which does not appear to have a *bona fide* error defense. 28 U.S.C. § 1367(c)(3). *See also Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . .").

## IV. CONCLUSION

Collecto is entitled to summary judgment on Ewers's FDCPA claim on the basis of its *bona fide* error defense pursuant to 15 U.S.C. § 1692k(c). The court declines to exercise supplemental jurisdiction over Ewers's remaining state-law claim. Accordingly,

IT IS ORDERED that Collecto's motion for summary judgment is GRANTED IN PART AND DENIED IN PART. [Dkt. # 27] Ewers's motion for summary judgment is DENIED. [Dkt. # 25]

IT IS FURTHER ORDERED that Ewers's remaining state-law claim is DISMISSED WITHOUT PREJUDICE. A separate judgment will issue.

  s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 3, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 3, 2013, by electronic and/or ordinary mail.

  s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\12-14125.EWERS.OrderGrantSJ.jac.wpd